UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CONNIE SMITH** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 10-964** |
| | * | |
| **MAGNOLIA MARINE TRANSPORT COMPANY** | * | **SECTION "B"(4)** |

**ORDER AND REASONS**

**IT IS ORDERED** that Defendant's opposed Motion to Transfer this action to the Southern District of Mississippi (Rec. Doc. No. 11) is **GRANTED.**

A motion to transfer an action to a different venue is governed by 28 U.S.C. § 1404(a), which provides "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Jones Act contains a unique statutory venue provision. *Sanders v. Seal Fleet, Inc.*, 998 F. Supp. 729, 735 (E.D. Tex 1998); *Pure Oil Co. v. Suarez*, 384 U.S. 202, 203 (1966). Under the Jones Act, "[j]urisdiction . . . shall be under the court of the district in which the defendant employer resides or in which his principal office is located." *Sanders*, 998 F. Supp. at 735.

Previously, the Supreme Court has interpreted "resides" as used in 28 U.S.C. § 1391(c):

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal

1

> jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(c). It is established that Defendant resides in Baton Rouge, as there is an office located there and business is conducted there. Therefore, the Western District of Louisiana could be an appropriate forum in the instant case. Venue would also properly lie in the Souther District of Mississippi, where Magnolia Marine Transport Company (hereinafter "MMT") maintains an operating office. Venue of the Eastern District of Louisiana is not proper because MMT does not conduct business in this district and does not have significant contacts here. *See* 28 U.S.C. § 1391(c).

Since Plaintiff is suing under the Jones Act, this allows Defendant to be sued where its principal place of business is located, which is in the Southern District of Mississippi. *See Pure Oil Co. v. Suarez*, 384 U.S. 202, 203 (1966).

Here, Plaintiff lives relatively near MMT's main office in Vicksburg, about thirty miles from the federal courthouse in Vicksburg, Mississippi, and approximately 230 miles from her chosen forum. Thus, Plaintiff's chosen forum is not afforded the usual

2

degree of deference. The injury did not occur in the Plaintiff's chosen forum, but rather occurred in the waterways near Peoria, Illinois, a forum location not in consideration. Moreover, physicians that treated Plaintiff are located in Mississippi, in close proximity to Vicksburg, Mississippi. Courts have held that the plaintiff's choice is given less deference if the facts occurred outside of the chosen forum. *Marrogi v. Howard*, No. CIV.A. 00-368, 2002 WL 987386, at *2 (E.D. La. May 10, 2002). Thus, Plaintiff's choice of forum is allotted even less consideration here since it is unrelated to the accident site.

Witnesses and parties would have to journey over 200 miles to reach Plaintiff's chosen venue, while Defendant's requested venue would provide ease and convenience to most witnesses and parties. The only individual negatively affected by this change of venue is Plaintiff's counsel. While this marginally factors into the transfer of venue analysis, this factor is given the least weight, and most courts actually give counsel's location little to no consideration. *Richoux v. R & G Shrimp Co.*, 126 F. Supp. 2d 1007, 1011 (S.D. Tex. 2000). The Fifth Circuit has held that "'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). Therefore, the convenience of witnesses and parties involved weighs in favor or transfer.

This action is still in the early stages of litigation, and any delay resulting in the transfer to the proper forum should not prejudice either party. *See Peters v. Milton Hall Surgical Assocs., L.L.C.*, No. Civ.A. 03-1254, 2003 WL 22174274, at *2 (E.D. La. Sept. 11, 2003). Further, the federal districts under consideration have no significant differences timewise or administratively in achieving a timely and efficient resolution of this action.

All parties reside in Mississippi, and that state has greater incentives and interests in resolving disputes between its citizens. *See Roulston v. Yazoo River Towing, Inc.*, No. Civ.A. 03-2791, 2004 WL 1687232, at *2 (E.D. La. July 26, 2004). Plaintiff suggests that the Western District of Louisiana could be an acceptable forum since defendant has an office in Baton Rouge, Louisiana. Because Baton Rouge is more than 200 miles away from the location of most witnesses, transfer to the Western District of Louisiana would cause serious inconveniences and procedural issues. FRCP 45(2)(B).

New Orleans, Louisiana, this 19th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE

4